UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:14-cv- 263-ORL-28-DAB

MARIA SOTO and RAUL SOTO,
individually and on behalf
of all others similarly situated,

  Plaintiffs,

vs.

CITIMORTGAGE, INC.,
GLADSTONE LAW GROUP, P.A.,
a Florida professional corporation and
NUSRAT MANSOOR, individually,

  Defendants.
_____/

# CLASS ACTION COMPLAINT
# AND DEMAND FOR JURY TRIAL

Plaintiffs, MARIA SOTO and RAUL SOTO, by and through their undersigned counsel, hereby file their Class Action Complaint and Demand for Jury, on behalf of themselves, and a putative class, sue the Defendants, CITIMORTGAGE, INC., GLADSTONE LAW GROUP, P.A. and NUSRAT MANSOOR, and allege as follows:

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

2. This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. §

1331 and 15 U.S.C. § 1692k. Venue in this District is proper because the Plaintiff resides in this District and Defendants do business in this District.

3. Plaintiffs brings this action for illegal practices of Defendants, CITIMORTGAGE, INC., GLADSTONE LAW GROUP, P.A. and NUSRAT MANSOOR, who allegedly used false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff.

4. Plaintiffs alleges that the Defendants, and their respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

5. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §§

1692(a) - (e).

6.  The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

7.  To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

8.  To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §§1692e (1)-(16).

### I. PLAINTIFFS

9.  At all times relevant to this Complaint, each Plaintiff was a natural person residing in the State of Florida.

10. At all times relevant to this Complaint, each of the Plaintiffs was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

11. At all times relevant to this Complaint, each of the Plaintiffs was a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

12. Each Plaintiff is alleged to have incurred a financial obligation for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

## II. DEFENDANTS

13. Defendant, GLADSTONE LAW GROUP, P.A., is a Florida professional corporation having its principal place of business at: 1499 W. Palmetto Road, Suite 300, Boca Raton, FL 33486, and at all times relevant to this Complaint, collects and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

14. Defendant, CITIMORTGAGE, INC., is, at all times relevant to this complaint, a for-profit corporation and collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiffs' alleged debt.

16. All acts or omissions of NUSRAT MANSOOR were within the scope of her/his employment by GLADSTONE LAW GROUP, P.A. or were otherwise authorized by

GLADSTONE LAW GROUP, P.A.

17. GLADSTONE LAW GROUP, P.A. is vicariously liable for the actions of Attorney/Defendant, NUSRAT MANSOOR. *Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994).*

18. Each of the Defendants is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

### III. FACTS

19. Plaintiffs herein are alleged to have incurred financial obligations in the form of promissory note and residential mortgage in favor or Ivanhoe Financial, Inc. and is alleged to have defaulted on that obligation.

20. In October of 2013, Defendants, GLADSTONE LAW GROUP, P.A and NUSRAT MANSOOR, prepared and filed a Complaint against Plaintiffs in Osceola County, Florida, Case No. 13-CA-3682MF seeking monetary relief and to foreclose of a mortgage on behalf of Defendant, CITIMORTAGE, INC.

21. The Complaint referred to in the preceding paragraph was read, reviewed and signed by a representative of the Defendant, CITIMORTGAGE, INC.

22. The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

23. Attached to the Civil Action Summons and Complaint that were served upon Plaintiffs in connection with the mortgage foreclosure action filed by Defendants was a document entitled:

> "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION
> PRACTICES ACT, 15 U.S.C. §1962(G) ET SEQ., AS AMENDED"

24. The Notice described in the preceding paragraph and attached hereto stated, among other things, that:

> 4. The debt described in the attached Complaint and evidenced by the attached promissory note and Mortgage will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty (30) days after receipt of this notice, disputes, in writing, the validity of the debt or some portion of it.

25. The Notice described in the preceding paragraph, allegedly required by 15 U.S.C. § 1692g(a), is in fact not required at all. This is because a Complaint such as the one fliled by the Defendants is not considered an "initial communication" for purposes of § 1692g(a). See 15 U.S.C. § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003).

26. The furnishing of the Notice by the Defendants to Plaintiff in the mortgage foreclosure lawsuit arises from a fundamental misunderstanding of the law on the part of Defendants in that a pleading could never trigger a consumer's rights pursuant to §1692g of the FDCPA. Nevertheless, Defendants chose to incorporate its so-called Notice into hundreds of its foreclosure lawsuits filed in the State of Florida.

*Maria Soto and Raul Soto, et al. v. Citimortgage, Inc. Gladstone Law Group, P.A., et al.*
Page 7

---

27. The NOTICE, described above and attached hereto, unnecessarily attached to the Civil Action Summons and Complaint filed by the Defendants against the Plaintiffs states that the Plaintiff must dispute the alleged debt, **in writing**, within thirty (30) days of the date of the receipt of the lawsuit or the debt will be assumed valid by Defendants.

28. The notice contains a false statement because, among other things, 15 U.S.C.§1692(g) does not require a consumer to dispute a debt in writing.

29. Several other cases from within this Circuit have similarly held that such Notices support a claim for violation of the FDCPA. *See generally, Battle v. Gladstone Law Group, P.A.*, --- F.Supp.2d ----, 2013 WL 3297552 (SD. Fla. June 28, 2013) (finding that plaintiff had sufficiently plead FDCPA violation related to notice attached to mortgage foreclosure complaint); *Johnstone v. Aldridge Connors, LLP*, 2013 WL 6086049, 3 (S.D. Fla. Nov 20, 2013); *Lewis v. Marinosci Law Group, P.C.*, 2013 WL 5789183, 4 (S.D. Fla. Oct 29, 2013); *Rotenberg v. MLG, P.A.*, 2013 WL 5664886, 2 (S.D. Fla. Oct 17, 2013).

30. Defendants' Notice, as described herein, deceives consumers as to when and how their rights are triggered. It is a false statement and actionable under *Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.").

## IV. CLASS ACTION ALLEGATIONS

31. This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) upon whom the Notice described above and attached hereto, similar to the one described, quoted above and attached to a mortgage foreclosure complaint, was served or sent to (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undeliverable by the U.S. Post Office or unserved (v) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").

32. Plaintiffs allege, on information and belief, based upon the Defendants' use of the Notice described above and attached hereto, that the class is so numerous that joinder of all members of the Class is impractical. At a minimum, Plaintiff believes the Class to be several hundred persons, and most likely in excess of 300.

33. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issues common to each class member is that each was served with the form Complaint referred to above. The principal legal issues are whether the Notice described above and attached hereto violates the FDCPA by deceiving and misleading consumers into filing a written dispute pursuant to the FDCPA and the time within which the dispute was to be filed.

34. Plaintiffs' claims are typical of those of all of the class members. All are based on the same facts and legal theories.

35.    Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

36.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.    Named Plaintiffs herein request certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

38.    The allegations in paragraphs 1 through 37 are incorporated by reference herein.

39.    Section 807 of the Fair Debt Collection Practices Act, 15 USC § 1692e, provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \* \* \*

      10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40.    Defendants' Notice described above and attached hereto suggests that the Plaintiff herein must dispute the debt sued upon, in writing, within thirty (30) days, and many consumers would believe that they would need to file a response to the Court, which would then deemed an Answer. Once a consumer has filed an Answer, she/he have waived many of their legal rights, including but not limited to:

    a.    the right to contest service of process;

    b.    the right to seek a more definite statement;

    c.    the right to file a motion to dismiss; and

    d.    are consequently more vulnerable to any attempted summary judgment motion filed by Defendants.

41.    In sum, the unnecessary Notice described above and attached hereto which was served upon the Plaintiff as alleged herein, which Notice explains a consumer's rights to dispute and seek validation of an alleged debt even though those rights have not been triggered, would be deceptive to the "least sophisticated consumer" with respect to their rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(10).

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so

triable.

WHEREFORE, Plaintiffs pray for this Court:

a. To declare that Defendants have violated the FDCPA;

b. To award Plaintiffs actual damages sustained as a result of the Defendants' failure to comply with the FDCPA;

c. To award each Plaintiff statutory damages from each Defendant not to exceed $1,000.00;

d. To award Plaintiffs reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiffs and other class members, their reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. The allegations in paragraphs 1 through 37 are incorporated by reference herein.

43. Similar to the federal Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act (FCCPA) was enacted in 1993 to protect consumers from abusive, harassing, and unfair debt collection practices.

44. The FCCPA provides guidance as to how courts should interpret the statute stating that "[i]n applying and construing [the FCCPA], due consideration and great weight shall

be given to interpretations of the Federal Trade Commission and the federal courts relating to the Fair Debt Collection Practices Act." However, the FCCPA was drafted to provide stronger consumer protection than the FDCPA, explicitly providing that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."

45. Each Plaintiff is an individual who resides in the State of Florida.

46. Each Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

47. Each Defendant is a person as defined in §1.01(3), Fla. Stat.

48. Each Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

49. Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

\* \* \* \*

(7) Willfully communicate with the debtor or any member of their or his family with such frequency as can reasonably be expected to harass the debtor or their or his family, **or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of their or his family.** (emphasis added)

*Maria Soto and Raul Soto, et al. v. Citimortgage, Inc. Gladstone Law Group, P.A., et al.*
Page 13

___

50. Defendants have engaged conduct which can reasonably be expected to abuse or harass the Plaintiffs by communicating with them in a false, deceptive and misleading manner.

51. Plaintiffs' damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

52. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

53. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54. As a result of the above violations of the Florida Consumer Collection Practices Act, each Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

55. Plaintiffs' damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

56. Each Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

57. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

58. Defendants' actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

*Maria Soto and Raul Soto, et al. v. Citimortgage, Inc. Gladstone Law Group, P.A., et al.*
Page 14

---

59. Plaintiffs are entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B. That each Defendant be enjoined from any and all further illegal collection practice.

C. Actual damages pursuant to Fla. Stat. §559.77(2).

D. Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

E. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G. For such other and further relief as may be just and proper.

DATED this 14 February 2014.

N. James Turner, Esq.
Counsel for Plaintiffs
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address: njtlaw@gmail.com

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692(G) ET SEQ., AS AMENDED

1. The amount of the debt is stated in the attached complaint.

2. The Plaintiff named in the attached summons and complaint is the creditor to whom the debt is owed.

3. If the original creditor is different from the current creditor, the creditor's law firm will provide the debtor with the name and address of the original creditor if requested by the debtor within thirty (30) days of the receipt of this notice.

4. The debt described in the attached complaint and evidenced by the attached promissory note and Mortgage will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion of it.

5. If the debtor notifies the creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion of it is disputed, the creditor's law firm will obtain a verification of the debt, and a copy of the verification will be mailed to the debtor by the creditor's law firm.

6. Written requests required by this Act should be addressed to Gladstone Law Group, P.A., Attorneys at Law, 1499 W. Palmetto Park Road, Suite 300, Boca Raton, FL 33486.

7. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

TO ALL DEFENDANTS: PLEASE NOTE EFFECTIVE OCTOBER 13, 2006, 15.U.S.C. §1692(G) OF THE FAIR DEBT COLLECTIONS PRACTICES ACT HAS BEEN AMENDED AS FOLLOWS:

(a) Legal pleadings. Section 809 of the Fair Debt Collection Practices Act is amended by adding at the end the following new subsection:

"(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."